YAZOO & MISSISSIPPI VALLEY RAILROAD CO. *v.* VAN A. ANDERSON.

1. RAILROADS. *Right of way. Fences. Plantation crossings. Code* 1892, § 3561.

A railway company may fence its right of way, and the owner of the servient estate, after rejecting its offer to erect gates in the fences on both sides of its track, is not entitled to sue for the penalty prescribed by the statute (code 1892, § 3561) requiring railway companies to maintain suitable and convenient crossing for necessary plantation roads.

2. SAME.

When a railway company has fenced its track on both sides, the owner of the servient estate has no right, after rejecting its offer to erect gates, to demand that it tear down its fences, and give him an open lane, with cattle guards, at its expense, thus burdening the company and increasing the hazard of travel.

3. SAME. *Statute. Code* 1892, § 3561. *Strict construction.*

The statute requiring railway companies to maintain suitable and convenient crossings for necessary plantation roads is highly penal and should be strictly construed.

FROM the circuit court of Franklin county.

HON. W. P. CASSEDY, Judge.

The opinion states the case.

*Mayes & Harris*, for the appellant.

The appellant offered to give the crossing as demanded, but wanted to provide gates through its fence on either side of the track, and to this the appellee refused to assent, and brought his suit for the penalty.

The statute only requires the making and maintenance of a convenient and suitable crossing over the track for a necessary plantation road. There is no evidence in the record that the crossing offered by the appellant was not in all respects convenient and suitable. The statute does not contemplate that the railroad company shall give an open crossing over its road, through its land, build cattle guards on either side—in other words, to make a lane through its right of way.

It was by no means unreasonable for the railroad company to insist upon having gates. So far as the protection of stock, and the protection of passengers and employes on the trains, and property being transported by the railroad company, were concerned, gates afforded better protection than an open crossing, even if supplied with stock gaps and cattle guards. These would enable stock to stray from either side of the appellee's ground onto the track, and thus endanger passing trains.

This statute is a penal statute and it must be strictly construed, and if the railroad company provides and maintains a suitable and convenient crossing over its track, with easy access to the landowner, it has complied with the terms of the statute, and there is nothing in the statute which we can find that would prohibit the company from maintaining its fences and gates at the place where the crossing was made. Certainly, the railroad company has some rights in a matter of this kind. It is stretching the police power far enough to require the railroad company to make and maintain any kind of a crossing at its expense. We refer the court, on the question of the reciprocal right of the parties, to Thornton on Crossings, pp. 453, 454.

*Cassedy & Cassedy,* for the appellee.

The statute makes it the duty of every railroad company to make and maintain suitable and convenient crossings over its tracks for necessary plantation roads. So we take it that the question to be determined is whether or not the crossing was necessary; then, if necessary, whether it has been made and maintained. The duty to make and maintain the crossing, if it is necessary, does not cease, nor is the railroad company acquitted therefrom because the party interested refused to accept such crossing as the railroad company determined upon itself. If, in addition to the necessity for the crossing, in this case, the appellee is required to evade the effect of the offer of the railroad company, then we contend that the statute also requires the crossing to be convenient and suitable. All he must show to establish the failure of the railroad company to perform this statutory duty would be that the crossing offered was not convenient nor suitable—that is to say, that it was inconvenient because of the gates, and not suitable because, the purpose being to secure to the person interested a safe place upon which to cross, the very fact that the right of way was enclosed and must be entered through gates, and the liability of stock to become unruly and proceed up or down the track instead of following the road, made the proposed crossing inconvenient, unsuitable and unsafe. So the question of fact being the necessity for the crossing; secondly, the convenience of the crossing, and thirdly, the suitableness of the crossing, and these facts have been resolved in favor of appellee, we most respectfully submit that the decision was correct and should be sustained.

We do not think, under the statute, it would be necessary for the party interested to make a demand for such crossing at all. If the necessity exists, then the statutory duty of the railroad company requires it to make and maintain the crossing— one that is convenient and suitable. It is not the refusal to make and maintain, but the failure to do so.

Argued orally by *J. B. Harris*, for appellant.

WOODS, C. J., delivered the opinion of the court.

The appellee brought this action to recover from the appellant the statutory penalty of two hundred and fifty dollars for an alleged failure, on appellant's part, to make a convenient and suitable crossing over its track for a necessary plantation road. The case was heard by the court, a jury having been waived, on an agreed statement of facts, and judgment rendered for plaintiff below, the appellee here, and from this judgment the railroad appeals.

We are informed by this agreed statement of facts that the railroad company acquired title to its right of way in June, 1883; that its right of way, on both sides, is inclosed by a wire fence; that the public highway runs on the west side of the appellant's right of way, and that his house is also on that side of the right of way; that there is no road over or across the right of way and track of the railroad company at the point where appellee demanded the crossing to be made, and that there has never been; that the track of appellant's road runs through the farm of appellee, dividing his house and its buildings and his cultivated land from the woodland, which is used as a pasture, lying on the other side of the track, and that to pass from one side of his farm to the other appellee is compelled to leave his own premises and use a crossing on a neighbor's land.

There are two grounds which are urged by appellant's counsel for a reversal: 1. The railroad company acquired its right of way before the enactment of our statute requiring railroads to make and maintain crossings over its track for necessary plantation roads, and that its attempted application in the present instance would be unconstitutional, in that it would be depriving the railroad company of its property without due process of law. 2. That the railroad company offered, on appellee's demand, to made the desired crossing by erecting gates through its fences, which appellee declined, and that, therefore, the judgment was erroneous.

With the first proposition it is unnecessary for us to deal, in view of our opinion on the second proposition.

There is nothing to show that the crossing through gates would not be convenient and sufficient for appellee's uses and purposes. The railroad is not required by law to fence its tracks, but it surely has the right to do so. That safety of the traveling public, as well as that of the employes and trains of the railroad company, would be increased by fencing its track is self-evident. The demand of the appellee is that the railroad company shall tear down its fences, and give appellee an open lane at the place where the crossing is desired, with stock gaps and cattle guards, at the expense of the company. This would be burdensome to the company, and would, moreover, increase the danger to passengers, employes and trains by leaving an open space on which live stock might congregate.

The statute under which suit was brought is a highly penal one, and should be strictly construed, and when the railroad company has offered to give the way over its track, with a crossing convenient and suitable, it has met the requirements imposed by law.

*Reversed and remanded.*